UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA JEFFREY
PAGE, #866570,

        Plaintiff,

v.

UNKNOWN STALLMAN,

        Defendant.
_____/

Case No. 2:22-cv-30

Hon. Hala Y. Jarbou
Chief U.S. District Judge

**REPORT AND RECOMMENDATION**

**I.    Introduction**

This Report and Recommendation (R. & R.) addresses Defendant Stallman's motion to dismiss. (ECF No. 162.)

Plaintiff — state parolee Joshua Jeffrey Page — filed suit pursuant to 42 U.S.C. § 1983 on February 8, 2022.[1] In his complaint, Page asserted that while he was confined at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan, prison officials acted with deliberate indifference to his serious medical needs by denying him medical care for chronic leg pain. (ECF No. 1, PageID.6-8.) At this stage of the case, only Page's deliberate indifference claim against Defendant Dr. Stallman

---

[1] When Page filed suit, he was still incarcerated. (ECF No. 1, PageID.2.) On August 1, 2023, Page was released on parole in Cheboygan, Michigan. *MDOC Offender Tracking Information System*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=866570 (last visited October 23, 2023).

remains. (ECF No. 99, PageID.678 (R. & R.); ECF No. 104, PageID.692 (Order Adopting).)

On February 6, 2023, Dr. Stallman moved the Court to compel Page to authorize the release of his medical records. (ECF No. 123.) Page had previously refused to sign a release of his records on the grounds that his records were "protected by federal and state law." (ECF No. 123- 2, PageID.770.) Following a 90-day stay in the case, the Court considered and ultimately granted Dr. Stallman's motion to compel on July 31, 2023. (ECF No. 156, PageID.867-868.) At the same time, the Court extended the dispositive motion deadline in this case from August 11, 2023, to September 29, 2023. (*Id.*, PageID.868.)

Dr. Stallman now moves to dismiss this case on the grounds that Page failed to comply with the Court's order compelling the release of his medical records. (ECF No. 162, PageID.885-886.) Page did not respond to Dr. Stallman's motion. Page also failed to appear at the August 31, 2023, and September 25, 2023, status conferences scheduled in this case.[2] (*See* ECF No. 160, PageID.880 (Minutes of August 31 Conference); ECF No. 163, PageID.896 (Minutes of September 25 Conference).)

---

[2]   Though the undersigned notes that Page called the Court on September 28, 2023, saying that he missed the September 25, 2023, status conference because he mistakenly believed it was scheduled for September 28, 2023. As such it appears that Page retains some remote interest in prosecuting this case.

2

## II.   Analysis

As set forth above, Dr. Stallman moves to dismiss this case based on Page's failure to adhere to the Court's July 31, 2023, order compelling the release of Page's medical records. (ECF No. 162, PageID.885-886.) In that order, the Court stated the following:

> IT IS ORDERED that Defendant's motion to compel (ECF No. 123) is GRANTED. Defendant Stallman shall serve Page with a new release form for Page's medical records spanning from January 1, 2020 to present as soon as possible. Within 14 days of receiving the release form. Page shall properly execute the release. Page is warned that failing to authorize the release of his medical records in accordance with this order may result in the dismissal of this case pursuant to Rule 41(b) or Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

(ECF No. 156, PageID.867-868 (footnotes omitted).)

Rule 41(b) provides that: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 37(b)(2)(A)(v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Dr. Stallman moves to dismiss in accordance with Rule 37(b)(2)(A)(v). (ECF No. 162, PageID.886.)

This Court granted Dr. Stallman's motion to compel because it found that there was "no question that Page's medical records contain relevant information related to his medical treatment, or lack thereof, from 2020 on." (ECF No. 156, PageID.867.) In failing to authorize the release of his medical records, Page has obstructed Dr.

3

Stallman's efforts to defend himself and defied the orders of this Court.  Page's actions display "an intent to thwart judicial proceedings [and] a reckless disregard for the effect of [his] conduct on those proceedings." *Ford v. Kennerly*, No. 17-2457, 2018 WL 6436386, at *3 (6th Cir. Apr. 26, 2018) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).  As such, the undersigned recommends that the Court dismiss this case in accordance with Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.  *See Ford*, 2018 WL 6436386, at *3-4 (affirming the dismissal of deliberate indifference claims under Rule 37(b)(2)(A)(v) because the plaintiff failed to comply with an order compelling him to release his medical records to defendants).

### III.   Recommendation

The undersigned respectfully recommends that the Court grant Defendant's motion to dismiss (ECF No. 162).

If the Court accepts this recommendation, this case will be dismissed.

Dated:  October 23, 2023                    /s/ *Maarten Vermaat*
                                           MAARTEN VERMAAT
                                           U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).